# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CDL MEDICAL TECH, INC., | ) | |
|                 Plaintiff, | ) | |
| | ) | |
| v | ) | 2:10-cv-821 |
| | ) | |
| ISHTIAQ A. MALIK, M.D., and | ) | |
| ISHTIAQ A. MALIK, M.D., P.C., | ) | |
|                 Defendants. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the MOTION FOR JUDGMENT ON THE PLEADINGS (Document No. 20) filed by Defendant Ishtiaq A. Malik, M.D. ("Dr. Malik"), with a brief in support. Plaintiff CDL Medical Tech, Inc. ("CDL") has filed a response in opposition to the motion, and it is ripe for disposition.

Factual and Procedural Background

CDL has filed a two-count Amended Complaint which names an individual physician, Ishtiaq A. Malik, M.D., and a medical professional corporation, Ishtiaq A. Malik, M.D., P.C. ("Malik, P.C."), as Defendants.[1] The Amended Complaint asserts claims for breach of contract and unjust enrichment arising from the lease of a nuclear camera used in the practice of cardiology. The Equipment Lease Agreement ("Lease") is attached as Exhibit A to the Complaint. CDL contends that the Lease obligates Defendants to perform a minimum of fifty (50) nuclear camera scans per month, and to remit a standard payment to CDL for each scan. CDL alleges that Defendants have fallen far short of their contractually-mandated minimum camera usage and

---
[1] The initial Complaint named only Dr. Malik as a Defendant.

1

payment obligations. Defendants filed separate Answers to the Amended Complaint (Document Nos. 16, 17).

In the pending motion, Dr. Malik contends that he should be dismissed as a Defendant in his individual capacity. Dr. Malik contends that he cannot be held liable for breach of contract because the only parties to the Lease were CDL and the professional corporation, Malik, P.C. Dr. Malik asserts that he signed the Lease solely as the authorized representative of the professional corporation. Similarly, Dr. Malik contends that he cannot be held liable for unjust enrichment because a written contract exists with Malik, P.C., and Plaintiff has a remedy for breach of that contract. Dr. Malik further asserts that Plaintiff has not sufficiently pled allegations to pierce the corporate veil.

In response, CDL contends that the intent of the Lease was to bind Dr. Malik individually. CDL further maintains that even if Dr. Malik is found not to be a party to the Lease, he may still be held liable for unjust enrichment because he received a benefit from the use of the nuclear camera.

Standard of Review

Federal Rule of Civil Procedure 12(c) provides as follows:

**Motion for Judgment on the Pleadings**. After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings.

A Rule 12(c) motion is reviewed in the same manner as a motion to dismiss a complaint under Rule 12(b)(6). *See, e.g., Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989). The Court will grant a motion for judgment on the pleadings only if the movant establishes that there are no material issues of fact and, therefore, the movant is entitled to judgment as a matter of law. *See Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n.4 (3d Cir. 1986). All reasonable inferences must be

drawn in favor of the non-moving party, which in this case is CDL.

Legal Analysis

Dr. Malik contends that he is not a party to the Lease agreement. His argument is based on the signature lines on page 4 of the Lease. In the space for "Lessee," there is an illegible signature (presumably that of Dr. Malik) as the "Authorized Representative." On the line below, the space for "Print Name" reflects "Ishtiaq A. Malik, MD PC." The space for "Title" reflects "President." Defendant argues that these signature lines of the Lease establish, as a matter of law, that Malik, P.C. was the only party to the Lease and that Dr. Malik signed the Lease solely in his capacity as Authorized Representative and President of the professional corporation. Certainly, this is a reasonable inference that may be drawn, if the Court were to consider only this section of the Lease.

However, the Lease contains other descriptions/definitions of the term "Lessee." As Defendant has acknowledged, page 1 of the Lease provides that the "Legal Name" of the Lessee is "Ishtiaq A. Malik, M.D." The name of the "Primary Contact" is also "Ishtiaq A. Malik, M.D." On the CDLCAM Site Survey attached as page 6 to the Lease, the "Customer Name" is again listed as "Ishtiaq A. Malik, M.D." On the same page, the "Title" of the "Customer Name" is "M.D., physician," rather than "President."[2] One reasonable inference that may be drawn from this language is that Dr. Malik is a party to the Lease in his personal capacity. Thus, the Lease itself appears to be self-contradictory.

Defendant contends that the signature on the agreement is determinative of one's status as

---

2 CDL also seeks to introduce extrinsic evidence to demonstrate the parties' intent that Dr. Malik be personally bound by the Lease. The Court need not reach this issue.

a party, citing *City of Philadelphia v. EMI Earthmate, Inc.*, 2004 WL 2250981 *4 (E.D. Pa. 2004) (dismissing breach of contract claim against corporate officer). *EMI Earthmate* is readily distinguishable and contains no precise analysis of whether a signature "trumps" other descriptions of a party's identity in an agreement, when the language appears to be in conflict. Such an analysis was unnecessary in *EMI Earthmate* because the Court noted "there is no allegation that Defendant Turner signed the contract in an individual capacity." *Id*. Thus, the potential contradiction between the signature line and other portions of the contract never arose. In this case, of course, CDL does allege that Dr. Malik signed the Lease in his individual capacity and some of the language in the contract appears to support that contention. Moreover, Defendant's argument is incorrect as a matter of Pennsylvania law – which governs this dispute. *See* Lease ¶ 25. In *Viso v. Werner,* 369 A.2d 1185, 1188 (Pa. 1977), the Pennsylvania Supreme Court explained: "the mere signature of the appellant preceded by the word 'by' and following the typed name of the corporation on the corporation's letterhead is not *conclusive* that he was acting in a representative capacity, *if* the alleged contract showed an intent to bind appellant individually." (Emphasis in original). *See also In re Estate of Duran*, 692 A.2d 176, 179-80 & n. 4 (Pa. Super. 1997) (citing *Viso* in finding corporate officer liable under contract); *Taylor v. Creditel Corp.*, 2006 WL 166574 (E.D. Pa. 2006) (holding that the content of the agreement "trumped" the signature line). Accordingly, at this stage of the proceeding, the Court cannot conclusively determine, as a matter of law, that Dr. Malik was not an individual party to the Lease.

Similarly, CDL is entitled to maintain its unjust enrichment claim against Dr. Malik as an alternative theory at this stage of the case, because there has not yet been a determination as to whether or not a contract existed between the parties. *Keystone Dedicated Logistics v. Flexaust*

*Co., Inc.*, 709 F.Supp.2d 389, 397 (W.D. Pa. 2010). CDL has properly pled each of the elements of an unjust enrichment claim. *See Limbach Co., LLC v. City of Philadelphia*, 905 A.2d 567, 575 (Pa. Commw. 2006) ("The elements necessary to prove unjust enrichment have been described as follows: (1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.") Moreover, an unjust enrichment claim is fact-intensive, and the Court cannot conclude, at this stage of the case, that Dr. Malik did not accept and retain a benefit from CDL under inequitable circumstances.

Conclusion

In accordance with the foregoing, DEFENDANT ISHTIAQ A. MALIK, M.D.'S MOTION FOR JUDGMENT ON THE PLEADINGS (Document No. 20) will be **DENIED**.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CDL MEDICAL TECH, INC.,** | ) |
| Plaintiff, | ) |
| | ) |
| v | ) 2:10-cv-821 |
| | ) |
| **ISHTIAQ A. MALIK, M.D.,** and | ) |
| **ISHTIAQ A. MALIK, M.D., P.C.,** | ) |
| Defendants. | ) |

## ORDER OF COURT

AND NOW, this 7th day of February, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the MOTION FOR JUDGMENT ON THE PLEADINGS (Document No. 20) filed by Ishtiaq A. Malik, M.D. is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Brad A. Funari, Esquire
      Email: bfunari@mcguirewoods.com
      Matthew Monsour, Esquire
      Email: mmonsour@mcguirewoods.com

      William B. Pentecost , Jr., Esquire
      Email: wpentecost@eckertseamans.com
      Korry Alden Greene, Esquire
      Email: kgreene@eckertseamans.com